DOC THOMAS SIMS v. THE STATE.

No. 7874.  Decided November 7, 1923.

**1.—Delinquent Child—Sufficiency of the Evidence.**

In the absence of a statement of facts, the various bills of exception cannot be reviewed, and the evidence being sufficient to support the conviction, there is no reversible error.

**2.—Same—Jury and Jury Law.**

The questions asked the jurors, under *voir dire*, in regard to whether they would convict an incorrigible if the State made out its case, cannot be considered inflammatory. which would operate to prevent the accused from having a fair trial.

**3.—Same—Practice on Appeal.**

In the absence of a statement of facts, the court's failure to charge on circumstantial evidence, the alleged illegal admission of testimony or the argument of State's counsel, cannot be considered, and the complaint and information being sufficient and no error appearing in the procedure, the judgment below is affirmed.

Appeal from the County Court of Clay. Tried below before the Honorable J. F. Vaden.

Appeal from a conviction of a delinquent child.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistant Attorneys General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Clay County of being a delinquent child and ordered committed to the State Industrial School for Boys, at Gatesville, Texas, from which judgment he appeals.

The record is before us without any statement of facts which renders it almost impossible for us to find anything in the various bills of exception filed on behalf of the appellant, as most of them relate to matters dependent for their sufficiency upon other things which should appear in the testimony.

We do not think the question asked the jurors on their *voir dire* in regard to whether they would convict an incorrigible if the State made out its case, to be inflammatory or one which would operate to prevent the accused from having a fair trial.

The bills of exception relating to the failure of the court to charge on circumstantial evidence; and setting up that the State failed to establish either the first or the second count by testimony; or the alleged illegal admission of certain testimony with reference to appellant sitting in domino parlors until 11 o'clock at night; nor the argument of the county attorney with reference to a man going around with a bunch of keys in his pocket—present no error which we can consider or the weight of which we could estimate in the absence of a statement of facts. We are of opinion that the complaint and information sufficiently charged appellant with being a delinquent child, and no error of procedure appearing, and there being no statement of facts, an affirmance must be ordered.

*Affirmed.*